J-S32027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN BURTON | |
| Appellant | No. 2196 EDA 2015 |

Appeal from the PCRA Order July 7, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0406851-2002

BEFORE: BOWES, J., MUNDY, J., and PLATT, J.[*]

MEMORANDUM BY MUNDY, J.:                    **FILED MAY 03, 2016**

Appellant, Kevin Burton, appeals *pro se* from the July 7, 2015 order denying his third petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Upon careful review, we affirm.[1]

The PCRA court summarized the pertinent factual and procedural background as follows.

> On October 23, 2003, Appellant was convicted by a jury of First Degree Murder, Conspiracy, Possession of an Instrument of Crime (PIC) and firearms violations for the shooting death of Curtis Cannon. Appellant was sentenced to an aggregate

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] The Commonwealth has not filed a brief in this matter.

sentence of life imprisonment on the same day. On November 18, 2003, Appellant filed a direct appeal and the judgment of sentence was affirmed on May 3, 2005. Allocatur was denied on December 21, 2005. Appellant filed his first PCRA petition on May 23, 2006, which was dismissed on August 17, 2007. The dismissal was affirmed on March 27, 2009 and allocatur was denied on December 30, 2009. On November 5, 2010, Appellant filed his second PCRA petition which was dismissed on July 8, 2011. The dismissal was affirmed on July 12, 2012.

Appellant then filed this third PCRA petition *pro se* on August 3, 2012, alleging that he had two new witnesses, Antonio Jones and Edward Glen, who would testify that Appellant did not kill the decedent. Appellant then amended his petition on June 13, 2014. In his amended petition, Appellant essentially argued that he could only be convicted of first degree murder if the death penalty was a sentencing option. He claimed that counsel was ineffective for not objecting, and the [trial c]ourt erred when the [trial c]ourt informed the jury that this case was not a capital case. As this third petition was facially untimely, Appellant also argued that he met the newly discovered evidence exception because he was not legally trained and only recently learned of the cases and statutes he cited. Attached to his petition, yet not referenced therein, was a page stating that Appellant would like to subpoena Savoy Robinson so he could testify that his sister, Beatrice Robinson, wrongfully convinced her nieces, Alfreda Daise and Tuere Rogers, to accuse the Appellant of murder. On May 26, 2015, following a thorough review of the submissions and the applicable case law, the [PCRA c]ourt gave notice of its intent to dismiss the petition as untimely. Appellant then filed a response on June 12, 2015. In his response, Appellant radically altered his argument to one solely addressing newly found witnesses. Appellant again listed Mr. Savoy Robinson as having information about a plot to frame Appellant, but in that iteration the plot included only Alfreda Daise and not Tuere Rogers. Appellant also identified Mrs. Denise Parker, who would testify that

her older brother told her that Appellant was incarcerated and she should come forward with information that Samuel Burke forced her niece, Alfreda Daise, to accuse Appellant of murder. Finally, Appellant identified Alfreda Daise, who would testify that Samuel Burke forced her to accuse Appellant of the murder because Mr. Burke was threatening her family. After reviewing the additional submission and reviewing the applicable case law, the [PCRA c]ourt dismissed the petition as untimely on July 7, 2015. This appeal followed.

PCRA Court Opinion, 10/1/15, at 1-2 (footnotes omitted).[2]

On appeal, Appellant frames his issue for our review as follows.

Whether the PCRA court erred in dismissing Appellant's *pro se* PCRA petition filed pursuant to Title 42 Pa.C.S. §9545(b)(1)(ii), §9545(b)(1)(iii), §9545(b)(2), and §9543(a)(2)(ii). Whereas the Appellant made a strong prima facie showing that a miscarriage of justice occurred?

Appellant's Brief at 5.

At the outset, we note that when reviewing the propriety of the PCRA court's order denying relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*). We are limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa. Super. 2012), *appeal denied*, 64 A.3d 631

---

[2] Although the PCRA court did not order Appellant to comply with Pennsylvania Rule of Appellate Procedure 1925(b), it filed an opinion on October 1, 2015.

(Pa. 2013). This Court grants great deference to the PCRA court's findings that are supported by the record and will not disturb them unless they have no support in the certified record. ***Commonwealth v. Rigg***, 84 A.3d 1080, 1084 (Pa. Super. 2014). Further, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support in either the record or from other evidence. ***Commonwealth v. Jordan***, 772 A.2d 1011, 1104 (Pa. Super. 2001).

Instantly, because this is Appellant's third petition for post-conviction relief, he must meet a more stringent standard. "A second or any subsequent post-conviction request for relief will not be entertained unless a strong *prima facie* showing is offered to demonstrate that a miscarriage of justice may have occurred." ***Commonwealth v. Burkhardt***, 833 A.2d 233, 236 (Pa. Super. 2003) (*en banc*) (citations omitted), *appeal denied*, 847 A.2d 127 (Pa. 2004). "A petitioner makes a *prima facie* showing if he demonstrates that either the proceedings which resulted in his conviction were so unfair that a miscarriage of justice occurred which no civilized society could tolerate, or that he was innocent of the crimes for which he was charged." ***Id.***

Additionally, the timeliness of a post-conviction petition is jurisdictional. ***Commonwealth v. Murray***, 753 A.2d 201, 203 (Pa. 2000). Generally, a petition for relief under the PCRA, including a second or

subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[3] *See Commonwealth v. Gamboa-Taylor*, 753 A.2d 780, 783 (Pa. 2000); 42 Pa.C.S.A. § 9545. A PCRA petition invoking one of these statutory exceptions must "be filed within 60 days of the date the claims could have been presented." *Id.* at 783. *See also* 42 Pa.C.S.A. § 9545(b)(2).

It is uncontroverted that Appellant's PCRA petition is facially untimely. Trial Court Opinion, 10/1/15, at 3 (stating, "Appellant's sentence became final on March 21, 2006, which was when his time to seek leave to appeal to

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

the U.S. Supreme Court ended. **See** 42 Pa.C.S.A. § 9545(b)(3); U.S.Sup.Ct.R. 13"). Appellant had to file the PCRA at issue by March 21, 2007 for it to be timely. Appellant filed the instant petition on August 3, 2012, such that it is untimely unless he has satisfied his burden of pleading and proving that one of the enumerated exceptions applies. **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999).

Instantly, Appellant argues that his third petition is timely pursuant to Section 9545(b)(1)(ii). Appellant's Brief at 7-13. This Court recently summarized this exception as follows.

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts by the exercise of due diligence. Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced. Additionally, the focus of the exception is focused on the newly discovered facts, not a newly discovered or newly willing source for previously known facts.
>
> The timeliness exception set forth at Section 9545(b)(1)(ii) has often mistakenly been referred to as the "after-discovered evidence" exception. This shorthand reference was a misnomer, since the plain language of subsection (b)(1)(ii) does not require the petitioner to allege and prove a claim of "after discovered evidence." Rather, as an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). Once jurisdiction is

- 6 -

established, a PCRA petitioner can present a substantive after-discovered-evidence claim. *See* Pa.C.S.A. § 9543(a)(2)(vi) (explaining that to be eligible for relief under PCRA, petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from, *inter alia*, unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced). In other words, the "new facts" exception at Subsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) the **facts** upon which the claim was predicated were **unknown** and 2) could not have been ascertained by the exercise of **due diligence**. If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

Thus the "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

*Commonwealth v. Brown*, 111 A.3d 171, 176-77 (Pa. Super. 2015), appeal denied, 125 A.3d 1197 (Pa. 2015).

Within his brief, Appellant references "newly discovered information and/or evidence obtained from Antonio Jones and Edward Glen." Appellant's Brief at 7. He also references unavailable information at trial from "witness Savoy Robinson … his sister, Mrs. Denise Parker, … and Alfred [sic] Daise, a former witness for the Commonwealth…" *Id.* Appellant attaches to his brief affidavits from Alfreda Daise, Michael Devan, Antonio Jones and Edward Glen, all of which, *inter alia*, aver that Appellant did not commit the murder

which led to his conviction and incarceration. *Id.* at Appendix C. Appellant also contends as follows.

> On February 15, 2015, witness Savoy Robinson communicated with his sister, Mrs. Denise Parker, via institution phone, whereas Mrs. Parker conveyed to her brother, Savoy Robinson, that the shooter of the decedent, Curtis Cannon, was a[n] older man who nearly shot her son on the day in question. This information was not available to this Appellant. Alfred[a] Daise, a former witness for the Commonwealth, conveyed to her uncle during the month of August or September 2015, via institution phone, that she was forced to involve this Appellant in the shooting death of the decedent, Curtis Cannon. None of this information was available to this Appellant.

*Id.* at 8.

The PCRA court summarily and succinctly explained its rejection of Appellant's assertion of "newly discovered information and/or evidence" as follows.

> Appellant's first argument was that he has five newly found witnesses who either claim he was not the shooter or had information concerning a plot to frame him for the murder. Appellant does not meet the newly found evidence exception with regard to these witnesses. First, Appellant offers no explanation as to why any of the witnesses' testimony was not produced earlier, therefore he has not shown he was diligent. Second, the majority of the proposed testimony represents inadmissible hearsay. Because of these issues, Appellant's claims regarding his newly found witnesses fail to meet the requirements of the newly found evidence exception.

PCRA Court Opinion, 10/1/15, at 4.

Upon review, we agree with the trial court's determination that Appellant has not explained why the witnesses' testimony was not produced earlier.[4]   Accordingly, we conclude that Appellant has not established the applicability of 42 Pa.C.S.A. § 9545(b)(1)(ii) or any other exception to the PCRA timeliness requirements.   Because Appellant's efforts to establish jurisdiction fail, the PCRA court properly dismissed Appellant's petition as untimely.   **Commonwealth v. Taylor**, 67 A.3d 1245, 1249 (Pa. 2013) (noting, "PCRA time requirement mandatory and jurisdictional in nature; court cannot ignore it and reach merits of petition"); **Commonwealth v. Hernandez**, 79 A.3d 649, 655 (Pa. Super. 2013) (holding that Superior Court lacks jurisdiction to reach the merits of an appeal from an untimely PCRA petition).

In sum, the PCRA court correctly concluded that Appellant failed to establish any exception to the PCRA's time-bar and properly dismissed Appellant's third PCRA petition as untimely filed.   Accordingly, we affirm the PCRA court's July 7, 2015 order.

_____

[4] Appellant was aware of this requirement to "argue that he could not have obtained this evidence prior to trial," where in his second PCRA, Appellant also asserted that he had exculpatory evidence that was unavailable at trial from two witnesses, and attached statements from the two alleged witnesses to that petition, but was ultimately unsuccessful before the PCRA court and this Court because Appellant, inter alia, did not "argue that he could not have obtained this evidence prior to trial." **Commonwealth v. Burton**, 55 A.2d 133 (Pa. Super. 2012), unpublished memorandum at 5.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/3/2016